Joshua W. Cox, No. 1033283
Bradley D. Jones, No. VA68
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
joshua.cox@stinson.com
brad.jones@stinson.com
*Attorneys for*
*Marc E. Albert, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| In re: | Case No. 23-00283-ELG |
|---|---|
| **Adolphe Judson Edwards,** Debtor. | Chapter 11 |

**POST-CONFIRMATION SUBCHAPTER V TRUSTEE'S STATUS REPORT**

TO THE HONORABLE ELIZABETH L. GUNN, BANKRUPTCY JUDGE:

COMES NOW, Marc E. Albert, the duly appointed and qualified trustee ("Trustee") of the chapter 11, subchapter V bankruptcy estate of Adolphe Judson Edwards ("Debtor"), by and through his undersigned attorneys, Stinson LLP, and files the following Status Report to provide an update to the Court and parties in interest of the actions of the Trustee following the filing of the Trustee's last Status Report filed on May 6, 2025 [ECF Dkt. No. 458], and respectfully states as follows:

Background

1. On October 3, 2023, Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") [ECF No. 1].

2. Debtor currently owns a 100 percent fee simple interest in two multi-unit apartment complexes (the "Properties") as follows:

1

| **Concord Gardens – 70 Units** | **V Street Properties – 12 Units** |
|---|---|
| 1301 Missouri Avenue, NW, Washington, DC<br>1309 Missouri Avenue, NW, Washington, DC<br>1315 Missouri Avenue, NW, Washington, DC<br>5906 13th Avenue, NW Washington, DC<br>5912 13th Avenue, NW Washington, DC<br><br>(the "Concord Gardens Properties") | 401 V Street, NE, Washington, DC<br>405 V Street, NE, Washington, DC<br>409 V Street, NE, Washington, DC<br><br><br><br>(the "V Street Properties") |

(together, the "Properties").

3.      On May 23, 2024, the Court entered its Order [ECF Dkt. 174] (the "Confirmation Order") confirming the Debtor's February 26, 2024 Amended Chapter 11 Subchapter V Plan (the "Debtor Plan") [ECF Dkt. No. 123]. The Debtor Plan provided for the sale of the Concord Gardens Apartments, which was further confirmed through entry of the *Order Granting Motion for Authority to Sell Real Property Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363(f)* also entered by the Court on May 23, 2024 (the "Sale Order") [ECF Dkt. 175].

4.      On the same date as entry of the Confirmation Order and the Sale Order, the Court also entered an agreed *Order on Interim Repairs and Maintenance Request Calls Pending Sale of Missouri Avenue Properties* (the "Receiver Concord Gardens Repair Order") between the District of Columbia, the receiver AVCO Interests LLC ("Receiver"), and the Debtor providing agreed procedures and funding mechanisms for the Receiver's oversite over the Debtor's management of the Concord Gardens Properties while the Debtor sought to close the sale of those properties pursuant to the Sale Order and the confirmed Debtor Plan.

2

5.      On December 19, 2024, the Court entered its *Order Removing Debtor from Possession and Appointment of Post-Confirmation Subchapter V Trustee* (the "Removal Order") removing the Debtor as debtor in possession pursuant to 11 U.S.C. 1185(a), and ordering the appointment of a subchapter V trustee to take possession and operate the Debtor's business pursuant to 11 U.S.C. § 1183(b)(5)(b). *See Removal Order* at 1, [ECF No. 368].

6.      On December 26, 2024, the Office of the United States Trustee filed its *Notice of Appointment of Subchapter V Trustee* designating and appointing Marc E. Albert as trustee pursuant to the Removal Order and he is presently serving in that capacity on behalf of the Debtor estate. [ECF Dkt. 378].

7.      Following the appointment of the Trustee, the Trustee has engaged and received approval of several professionals to aid him in his duties as trustee. These include the employment of Stinson LLP as his legal counsel [ ECF Dkt. No. 385], Arthur Lander CPA PC as the Trustee's accountant for the estate [ECF Dkt. No. 386], Marty Zupancic and Marcus & Millichap Real Estate Investment Services of North Carolina, Inc. as realtor for the estate tasked with marketing both the Concord Gardens Properties and the V Street Properties for sale [ECF Dkt. No. 390], and Noble Realty Advisors, LLC ("Noble") as the Receiver's selected property management company for the Concord Gardens Properties pursuant the Court's December 20, 2024 Order to Show Cause [ECF Dkt. 396]. More recently, the Trustee also has received court-approval for the employment of Carol Blumenthal and Erklauer Law, PLLC as special counsel for legal work related to the case brought against the Debtor in the District of Columbia Superior Court [ECF Dkt. 465], and Edward Cordone and Cordone Law, PLLC as special counsel to handle various landlord tenant matters with respect to the Properties [ECF Dkt. 466]. The Trustee additionally filed and, on May 19, 2025, received approval to authorize the employment

3

of AVCO Interests, LLC, acting through its designee and agent William L. Slover, Jr., to provide professional services to the bankruptcy estate as the state-court appointed receiver. [ECF Dkt. 476].

Noble's Continuing Operation of the Properties

8. In order to ensure proper oversight over the management and repairs being conducted at the Properties, the Trustee, Receiver, and the employed property management company for the Properties, Noble Realty Advisors, LLC ("Noble"), are continuing to hold regular meetings together to review the current status of the Properties and current repair progress, discuss and authorize new repairs or large needed expenditures, and discuss other administrative issues involving management of the Properties. Since the filing of the Trustee's previous status Report, Noble has continued their operation of the Properties under the guidance of the Receiver with input as needed from the Trustee.

9. In that respect, Noble has continued its evaluation of both sets Properties and, with respect to the Concord Gardens Properties, has made a number of repairs, both to attend to ongoing maintenance issues and to address various more substantial repairs as they arise. In doing so, Noble is seeking to preserve the health and safety of the tenants residing in the Concord Gardens Property and to preserve both sets of Properties while the Trustee seeks sale.

10. With respect to the Concord Gardens Properties, Noble has prepared and provided the Trustee with a Monthly Operational Summary Report (the "April 2025 Noble Report") for the Concord Gardens Properties, a copy of which is attached here as **Exhibit A**. The April 2025 Noble Report provides the operational and financial information related to the Noble's operation of the Concord Gardens Property through April 30, 2025. As provided in the April 2025 Noble Report, during the period covered in the Report, Noble collected $13,170.00 in rent for the

Property. During the month, Noble incurred $72,220.92 with respect the operation of the Concord Gardens Property, with disbursements toward operations made in the same amount.[1] As of April 30, 2025, existing payables with booked with respect to the Concord Gardens Property totaled $12,220.92. Noble's reconciled and available cash balance with respect to its operating account for the Property was $5,586.31.

11. In addition to the accounts maintained by Noble, upon appointment the Trustee took steps to establish a bank account for the case with Axos Bank to both receive and hold the cash assets of the Debtor for use in the case and to make needed disbursements (the "Trustee Account'). A copy of Trustee's Estate Cash and Disbursement Log reflecting the activity from the Trustee Account from its inception through June 3, 2025 is attached hereto as **Exhibit B**.

12. As reflected on provided Trustee's Estate Cash and Disbursement Log, since the filing of the Receiver's last Status Report on May 6, 2025, the Trustee has also made a number of needed payments on behalf of the estate, including delivery of funds to Noble for operations and repairs, payment of certain approved professional fees. The Trustee also received deposits of $3,020.10 on April 30, 2025, and $3,254.07 on June 1, 2025 in interest generated by the funds in the account, and $1,421, 676.66 delivered on May 30, 2025 associated with the liquidation of the Debtor's Wells Fargo Advisors Account. The reconciled balance of the Trustee's Account presently is $3,501,390.96. Additionally, on May 20, 2025, the Trustee established a separate account for the case with Axos Bank to receive and hold $250,000 for the Earnest Money Deposit on behalf of the party that subsequently was deemed the successful bidder for Purchase of the Concord gardens Property, which the Trustee is holding until the closing of the sale.

---

[1] As reflected on the Payment Summary found at page 15 of the April 2025 Noble Report, of the $72,280.92 in payments made for the benefit of the Concord Gardens Property for the month of April 2025, $31,490.00 were for payments for invoices booked by Noble, but directly paid through checks initiated from the Trustee Account instead of Noble's operating account.

Status of Brokerage Account Liquidation

13.     As previously reported, the Trustee previously filed a Motion seeking to liquidate certain securities and other financial assets held in a brokerage account maintained with Wells Fargo Advisors (the "WF Brokerage Account") and utilize the liquidated proceeds from the account to pay off the balance of a line of credit secured by the WF Brokerage Account. *See Trustee's Motion for Approval; of Liquidation of Securities held in Debtor Brokerage Account Pursuant to 11 U.S.C. § 363 and Payoff of Secured Line of Credit* [ECF Dkt. 406]. An Order approving the Trustee's Motion was entered on March 26, 2025. [ECF Dkt. No. 422].

14.     Following entry of the Order approving the Trustee's motion, the Trustee and his counsel continued to engage in correspondence with Wells Fargo Advisors to effectuate the relief sought in the order. Following the execution and delivery of certain administrative forms to list the Trustee as an authorized user for the account internally with Wells Fargo, on May 27, 2025, the Trustee further provided a letter of instruction to Wells Fargo Advisors authorizing the full liquidation of the brokerage account, use of proceeds to satisfy full payment of the secured priority line of credit, and wiring of funds to the Trustee's account after payment of other fees and costs associated with the liquidation as provided by the March 26, 2025 Order. Wells Fargo Advisors did as instructed, and, on May 30, 2025, the Trustee received $1,421,676.66 by wire into his Trustee Account of remaining liquidated funds from the WF Brokerage Account, with confirmation that payment towards the balanced of the secured priority line of credit has been satisfied in full.

Dated: June 4, 2025                           Respectfully submitted,

/s/Joshua W. Cox
Joshua W. Cox, No. 1033283
Bradley D. Jones, No. VA68
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
joshua.cox@stinson.com
brad.jones@stinson.com
*Attorneys for*
*Marc E. Albert, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Trustee's Status Report, was, on June 4, 2025, served electronically via the Court's ECF system to all parties registered to receive such service by first class mail, postage prepaid, upon the following:

| | |
|---|---|
| U. S. Trustee's Office<br>1725 Duke Street<br>Suite 650<br>Alexandria, VA 22314 | William L. Slover, Jr.<br>AVCO Interests, LLC<br>5138 Sherier Pl. NW<br>Washington, DC, 20016 |
| Adolphe Judson Edwards<br>12 Longfellow Street NW<br>Washington, DC 20011 | Dr. Richard Payne<br>8150 Michigan Road<br>Indianapolis, IN 46268 |

                                               /s/ Joshua W. Cox
                                               Joshua W. Cox